EVA L. LANNAGAN, RELATOR, v. JOHN G. SCOTT, BUILD-
ING INSPECTOR OF THE CITY OF EAST ORANGE, ET
AL., RESPONDENTS.

Decided November 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the relator, *Theodore G. Hindenlang.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

The relator applied to the building inspector of the city of
East Orange for a permit to erect a single-family dwelling
house upon a lot of land owned by her in that city; the ap-
plication being accompanied with plans and specifications
showing the character of the proposed building and its loca-
tion upon the relator's lot. The inspector refused to issue
the permit, basing his refusal upon the fact that the proposed
location of the building was prohibited by the zoning ordi-
nance of East Orange, which required that such structures
when built upon lots in the zone in which that of the relator
was located must set back at least forty feet from the center
line of the street and at least three feet from the side lines of
the lot. It is conceded that the erection of the building in
accordance with the plans and specifications submitted would
be violative of the provisions of the municipal zoning ordi-
nance just referred to, so far as its proposed location upon
the relator's lot was concerned; but it is contended on her
behalf that this restriction upon the use and enjoyment of
her property is invalid, under the doctrine of *Eaton* v. *South*

*Orange,* 3 *N. J. Mis. R.* 956; *Scola* v. *Senior,* 102 *N. J. L.* 26, and *Vatter* v. *Kaltenbach, Ibid.* 470. These cases, however, were decided prior to the adoption of the zoning amendment of 1927 to the state constitution, and the enactment of the statute of 1928 pursuant to authority conferred upon the legislature by that amendment. The effect of this constitutional amendment and of the statute of 1928 was to validate the "set back" provisions of existing municipal zoning ordinances. It was so declared by this court in the case of *Koplin* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489, and that case is controlling so far as this court is concerned.

The allowance of the peremptory writ applied for by the relator must therefore be denied.